## THE STATE v. REINHARTZ.

1. **Evidence:** CREDIBILITY OF WITNESS: INDUCEMENTS TO ATTEND. Where a witness from beyond the state had testified in a criminal case that he appeared in obedience to a subpœna served on him, that he came a great distance, and that there was no arrangement to pay him anything more than he was entitled to under the subpœna, questions in regard to inducements held out to him by citizens of this state to attend the trial were properly excluded, where the object was to impair the credibility of the witness.

2. **Intoxicating Liquors:** UNLAWFUL GIVING: INSTRUCTION. In a prosecution for the violation of the prohibitory liquor law, the court instructed as follows: "The statute expressly requires courts and jurors to construe its provisions so as to prevent evasion, and so as to cover the act of giving as well as selling." *Held* correct, where a witness testified that he drank beer at defendant's saloon and did not pay for it, and, while he supposed a companion paid for it, he was not positive.

*Appeal from Mitchell District Court*

FRIDAY, JUNE 18.

THE defendant was convicted of the crime of selling intoxicating liquor in violation of law, and now appeals to this court.

*L. M. Ryce* and *F. F. Coffin*, for appellant.

*A. J. Baker, Attorney-general*, for the state.

ADAMS, CH. J.—I. One Thurston was examined as a wit-

ness in behalf of the state. He testified that he came from
Dakota, a distance of 700 miles, to testify at the
trial of the case; that he did so in obedience to a
subpœna served on him in Dakota; and that there
was no arrangement to pay him anything more than he was
entitled to under the subpœna. On cross-examination a ques-
tion was asked in these words: "Did you receive any com-
munication, by way of letter, from any citizen or citizens here,
requesting or urging your attendance at this trial?" On objec-
tion by the state, the question was excluded, and we think
rightly. Such request, if shown, would have no tendency to
impair the credibility of the witness.

*1. EVIDENCE: credibility of witness: inducements to attend:*

II. The defendant asked, on cross-examination, a question
in these words: "Did you not receive a communication from
citizens here, urging you to be here at this trial,
and holding out to you special inducements if
you would come?" This question the court excluded, on
objection by the state, and we think rightly. The witness
had already testified that there was no arrangement to pay
him anything more than he was entitled to under the sub-
pœna. If any inducements were offered other than of a pecu-
niary character, we cannot assume that they were of an objec-
tionable character, and especially as there is nothing in the
question itself to suggest that they were.

*THE SAME.*

III. The court gave an instruction in these words: "The
statute expressly requires courts and jurors to construe its
provisions so as to prevent evasion, and so as to
cover the act of giving as well as selling." The
defendant contends that this instruction is wrong
because there was no evidence of giving. But the witness
testified that he drank, at the defendant's saloon, beer served
by the defendant, and did not pay for it, and, while he sup-
posed a companion paid for it, he was not positive. The
court did not err.

*2. INTOXICAT-ING liquors: unlawful giving: instruction.*

IV. The defendant contends that the verdict is not sus-
tained by the evidence. We think that the verdict is not

only sustained, but could not properly have been otherwise. We have examined the entire record, and find no error.

AFFIRMED.